■ DIOCESE OF BUFFALO, Appellant, and NEW YORK STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, Intervening Appellant, v HELEN A. BUCZKOWSKI et al., Respondents, and EILEEN DE PAOLO, Intervening Respondent. — Judgment unanimously affirmed, without costs, for the reasons

stated in the following memorandum: Petitioner appeals from the dismissal of its CPLR article 78 proceeding brought to review a determination of the Buffalo Zoning Board of Appeals. Petitioner applied to the Commissioner of Inspections and Licenses for a permit to convert its property at 4 Vermont Street (used until April, 1980 by Buffalo Boys Town, Inc., as a home for delinquent boys) for use as an intermediate care facility for developmentally deprived persons. Petitioner's property is located in the Porter-Busti Area Special Zoning District which was established by the Common Council on November 25, 1980 in adopting an amendment adding a new subdivision 8 to section 15-A of chapter 70 of the ordinances of the City of Buffalo. As a nonprofit institution, the proposed intermediate care facility would be classified as one of the restricted uses specifically enumerated in subdivision 8 (d) of section 15-A. The Commissioner of Inspections and Licenses rejected the application and petitioner appealed to the Zoning Board of Appeals. At the hearing before the Zoning Board of Appeals, objections were voiced to the jurisdiction of the Zoning Board of Appeals upon the ground that petitioner was "seeking to establish or extend" a use restricted by subdivision 8 (d) of section 15-A of chapter 70 of the Buffalo zoning ordinances, and that, as directed by subdivision 8 (d, f), the application should have been submitted to the Common Council in the first instance. Respondents raised similar jurisdictional objections in their answers to the petition in the article 78 proceeding, but Special Term, in dismissing the petition and confirming the denial by the Zoning Board of Appeals, declined to reach the jurisdictional issue. The record shows conclusively that the Buffalo Boys Town, Inc., operation was terminated in April of 1980. At that time, Buffalo Boys Town, Inc,, had no more than eight persons under supervision. The application for the proposed use was made to the Commissioner of Inspections and Licenses on June 22, 1981. It appears that the proposed use contemplates the care of 30 residents and would entail a staff of 52 including therapists, psychologists and 28 nurses. Plans for the facility involve extensive renovations and the remodeling of dormitory space to single and double rooms at an estimated cost of $400,000. From the record and considering the legislative concern for providing special protection to the Porter-Busti area as evidenced by the statement of legislative intent in the amending ordinance, we hold that the application was one to "establish or extend" a restricted use of the type the Common Council intended to have submitted to it in the first instance. Special Term for these reasons should have dismissed the petition on jurisdictional grounds. Accordingly, we affirm the dismissal of the petition but on the ground that the Zoning Board of Appeals was without jurisdiction. Our affirmance is, of course, without prejudice to petitioner's application, if it is so minded, to the Common Council for a restricted use permit pursuant to subdivision 3 (a-d) and subdivision 8 (d, f) of section 15-A of chapter 70 of the ordinances of the City of Buffalo. (Appeal from judgment of Supreme Court, Erie County, Mintz, J. — art 78.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ. [112·Misc 2d 336.]